IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES A. HICKS,            )<br>                              )<br>          Plaintiff,          )<br>                              )<br>     vs.                      )<br>                              )<br> JAMES KAWASHIMA, Individually )<br> and in his official judicial )<br> capacity,                    )<br>                              )<br>          Defendant.          )<br> _____)  | CIVIL 16-00224 LEK-RLP |

**ORDER DISMISSING "VERIFIED CLAIM" AND DENYING APPLICATION
TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On May 9, 2016, pro se Plaintiff Charles A. Hicks ("Plaintiff") filed his "Verified Claim" – which this Court construes as his Complaint – and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.]  The Court has considered these matters without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Complaint and the relevant legal authority, this Court HEREBY DISMISSES the Complaint WITH PREJUDICE, in other words WITHOUT LEAVE TO AMEND.  Further, the Application is HEREBY DENIED AS MOOT.

**BACKGROUND**

According to the Complaint, on March 31, 2016, Plaintiff's son, Thomas A. Hicks, was scheduled to appear before

Defendant James Kawashima, who is a judge in the State of Hawai`i District Court, to respond to "traffic charges from 2-12-16." [Complaint at pgs. 2-3.] Plaintiff alleges that he and his son experienced multiple problems in Judge Kawashima's courtroom. In particular, Plaintiff alleges that Judge Kawashima would not listen to him when he attempted to plead his son's case. According to Plaintiff, Judge Kawashima stopped Plaintiff from speaking, and Judge Kawashima said that he had "hit the panic button" and the police were on the way. [Id. at pg. 3.] Before leaving the bench, Judge Kawashima revoked Thomas Hicks's bail and issued a bench warrant for failure to appear.[1] [Id.] After Plaintiff spoke to the police officers, one of the officers spoke to Judge Kawashima, and the officer informed Plaintiff that Judge Kawashima would hear Thomas Hicks's case, but Thomas Hicks would have to appear on his on behalf. When everyone returned to the courtroom, Thomas Hicks spoke briefly with Judge Kawashima, who ruled that the bench warrant would stand. [Id. at pgs. 3-4.]

Plaintiff apparently argues that Judge Kawashima improperly revoked Thomas Hicks's $500 bail and ordered a $750 warrant for failure to appear. [Id. at pg. 4.] Plaintiff argues that Judge Kawashima's actions: 1) deprived Thomas Hicks of his Fourteenth Amendment rights to due process and equal protection;

---

[1] Plaintiff states that he informed Judge Kawashima that he was representing his son in the proceeding and that Thomas Hicks was sitting in the courtroom gallery. [Complaint at pg. 3.]

2) prejudiced "the effective and expeditious administration of the court"; and 3) are evidence that Judge Kawashima "is unable to discharge all duties of the office by reason of mental disability."  [Id. at pg. 2.]  Plaintiff urges this Court to order equitable relief against Judge Kawashima, ordering Judge Kawashima to "receive[] help for his mental disability" and requiring him to "refrain[] from further and future Constitutional violations against the people of the United States."  [Id. at pgs. 4-5.]

## **STANDARD**

This Court has recognized that the following standard applies to the screening of a complaint by a pro se plaintiff:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.");

> Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). Additionally, a paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); see also Fed. R. Civ. P. 12(h)(3); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Mather v. Nakasone, Civil No. 13-00436 LEK-KSC, 2013 WL 4788930, at *1-2 (D. Hawai`i Sept. 5, 2013) (alterations in Mather) (citation omitted).

## **DISCUSSION**

Plaintiff's claims against Judge Kawashima fail as a matter of law because: 1) this Court does not have jurisdiction over them; and 2) they fail to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1), (6). First, Plaintiff's claims against Judge Kawashima are based upon

4

"conduct undertaken in [his] judicial capacit[y]" and therefore they are "barred by the doctrine of absolute judicial immunity." See Keliihuluhulu v. Strance, CIVIL No. 16-00240 DKW-RLP, 2016 WL 2930902, at *3 (D. Hawai`i May 19, 2016) (citing Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.")). This Court CONCLUDES that, because Judge Kawashima has judicial immunity from suit for Plaintiff's claims, the Complaint is "obviously frivolous" and therefore does not confer federal subject matter jurisdiction. See Franklin, 745 F.2d at 1227 n.6.

Even if judicial immunity did not apply, Plaintiff's claims would be barred by the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The Rooker-Feldman doctrine "bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct.

1517 (2005)).  This Court may not act as an appellate court over Thomas Hicks's case.  To the extent that Thomas Hicks wishes to challenge Judge Kawashima's rulings in that case, he must do so in state court.  Thus, even if Judge Kawashima were not entitled to judicial immunity, this Court would conclude that it lacked jurisdiction over Plaintiff's claims based on the Rooker-Feldman doctrine.

This Court therefore DISMISSES Plaintiff's Complaint for lack of jurisdiction.  This Court also CONCLUDES that the dismissal must be without leave to amend because "it is absolutely clear that no amendment can cure the defect" in Plaintiff's claims against Judge Kawashima.  See Lucas, 66 F.3d at 248.  In other words, Plaintiff is not entitled to the opportunity to try to amend his Complaint to cure the defects in his claims.  Plaintiff has no remaining claims in this action.

## CONCLUSION

On the basis of the foregoing, Plaintiff's "Verified Claim," filed May 9, 2016, which this Court has construed as his Complaint, is HEREBY DISMISSED WITHOUT LEAVE TO AMEND.  In light of the dismissal of the Complaint, the Application to Proceed in District Court Without Prepaying Fees or Costs, also filed on May 9, 2016, is HEREBY DENIED AS MOOT.

The Court DIRECTS the Clerk's Office to close this case on **July 1, 2016**, unless Plaintiff files a motion for

reconsideration of this Order by **June 20, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 1, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**CHARLES A. HICKS VS. JAMES KAWASHIMA; CIVIL 16-00224 LEK-RLP; ORDER DISMISSING "VERIFIED CLAIM" AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**